1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLOS CORTEZ BURTON,

11              Petitioner,              No. 2:09-cv-3332 GEB KJN P

12        vs.

13   S. SWARTHOUT,                       ORDER AND

14              Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16         Petitioner is a state prisoner proceeding without counsel with an application for

17   petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 9, 2010, findings and

18   recommendations issued based on petitioner's failure to show cause in response to this court's

19   June 10, 2010 order.  On July 19, 2010, petitioner filed a response indicating he had previously

20   submitted a response with attached exhibits.  Review of the docket reflects the filing of a

21   declaration by petitioner on July 6, 2010 (docketed on July 7, 2010).  Good cause appearing, the

22   findings and recommendations will be vacated.  The court turns now to the pending motion to

23   dismiss.  Respondent contends that petitioner's claims are barred by the statute of limitations and

24   that the petition must be dismissed.

25         On April 24, 1996, the Antiterrorism and Effective Death Penalty Act

26   ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

1

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  Petitioner was convicted of torture, aggravated mayhem, domestic violence, and child endangerment.  A number of sentencing enhancements were found true.  On December 13, 2005, petitioner was sentenced to an indeterminate state prison term of life with the possibility of parole, plus one year.  (Respondent's Lodged Document ("LD") 1.)

2.  Petitioner appealed his sentence.  On September 27, 2006, the California Court of Appeal, Third Appellate District, affirmed the judgment.  (LD 2.)

3.  Petitioner filed a petition for review in the California Supreme Court on November 2, 2006.  (LD 3.)  On January 17, 2007, the California Supreme Court denied the petition.  (LD 4.)

1    4.  On December 11, 2007,[1] petitioner filed a petition for writ of habeas corpus in

2  the Sacramento County Superior Court.  (LD 5.)  The petition was denied on January 28, 2008.

3  (LD 6.)

4    5.  On March 24, 2008,[2] petitioner filed a petition for writ of habeas corpus in the

5  California Court of Appeal, Third Appellate District.  (LD 7.)  The Court of Appeal denied the

6  petition on April 3, 2008.  (LD 8.)

7    6.  Petitioner filed a petition for writ of habeas corpus in the California Supreme

8  Court on March 10, 2009.  (LD 9.)  The California Supreme Court denied the petition on October

9  14, 2009.  (LD 10.)

10    7.  The instant action was filed on November 29, 2009.  (Dkt. No. 1.)

11    The California Supreme Court denied the petition for review on January 17, 2007.

12  (LD 4.)  Petitioner's conviction became final ninety days later, on April 17, 2007, when the time

13  for seeking certiorari with the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d

14  1157 (9th Cir. 1999).  The AEDPA statute of limitations period began to run the following day,

15  on April 18, 2007.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

16    The limitations period ran from April 18, 2007, to December 11, 2007, when

17  petitioner filed his first petition for writ of habeas corpus.  (LD 5.)  Thus, of the one year statute

18  of limitations period, 237 days had expired by December 11, 2007.  The statute of limitations

19  period was then tolled from December 11, 2007, through April 3, 2008, the date the second

20  petition for writ of habeas corpus was denied.  (LD 8.)  See Pace v. DiGuglielmo, 544 U.S. 408,

21  414 (2005).  On April 3, 2008, petitioner had 128 days left in the statute of limitations period.

22  ////

---

23    [1] Petitioner has been given the benefit of the mailbox rule for the filing dates of the

24  petitions for writ of habeas corpus.  (LD 5, 7, 9; Dkt. No. 1.)  Houston v. Lack, 487 U.S. 266
    (1988).

25

26    [2] Although petitioner signed this petition March 24, 2007 (pet. at 3(4)), accompanying
    documents were dated 2008.

Petitioner did not file his petition in the California Supreme Court until March 10, 2009, 340 days after his second petition had been denied by the California Court of Appeal. An unjustified delay of at least six months between the denial of habeas relief by the California Court of Appeal and the filing of a habeas petition in the California Supreme Court is unreasonable and does not permit tolling of the statute of limitations period. Evans v. Chavis, 546 U.S. 189, 197 (2006); Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006) (delays of eighteen, fifteen and ten months are unreasonable). Here, petitioner waited for almost one year between the denial of his petition by the California Court of Appeal and the date he filed his petition in the California Supreme Court. Because petitioner had only 128 days left in the statute of limitations period once the California Court of Appeal denied his petition, the limitations period expired on August 11, 2008, prior to the filing of the petition in the California Supreme Court.

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, petitioner's filing in the California Supreme Court has no effect on limitations period.

The instant petition was not filed until November 29, 2009, over fifteen months after the statute of limitations period expired. Accordingly, this action is time-barred unless petitioner can demonstrate he is entitled to equitable tolling.

To be entitled to equitable tolling, petitioner bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

Here, petitioner has not demonstrated that he has pursued his claims diligently. Petitioner waited almost one year between the denial of his petition in the California Court of Appeal and the date he filed a petition in the California Supreme Court. Under these circumstances it cannot be said that petitioner diligently pursued his claims. Petitioner has

4

provided a list of dates his prison allegedly was on lockdown.  (Dkt. No. 17.)  However, all of the lockdowns were prior to April 3, 2008, except for one on May 21, 2010, long after the limitations period expired.[3]  Moreover, lockdowns are not an extraordinary circumstance in prison that would justify or excuse a fifteen month delay.  As one district court observed:

> Lockdowns, however, and resulting restricted access to the prison law library are not, by themselves, extraordinary circumstances for prisoners.  See e.g. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling); United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (without demonstration of petitioner's diligence, lockdowns at prison allegedly eliminating access to law library were not extraordinary circumstances warranting equitable tolling); Rosati v. Kernan, 417 F.Supp.2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition."); see also Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D. N.Y. 2005) ("In general, the difficulties attendant on prison life such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.").  In sum, Petitioner does not explain how any lockdowns constituted extraordinary circumstances that prevented him from timely filing his federal petition.

Robinson v. Marshall, 2008 WL 2156745 at *3 (C.D.Cal. May 18, 2008).

Petitioner has not satisfied his burden of establishing that he acted diligently in filing his federal petition.  Petitioner has also failed to demonstrate that he encountered extraordinary circumstances that prevented him from filing his federal petition in a timely fashion.  Petitioner is therefore not entitled to equitable tolling, and respondent's motion to dismiss should be granted as this action is time-barred.

Accordingly, IT IS HEREBY ORDERED that the July 9, 2010 findings and recommendations are vacated.

_____

[3]  Although petitioner claims one of the lockdowns was on April 3, 2008, citing Exhibit L, a review of Exhibit L revealed a lockdown order dated March 12, 2008.  (Dkt. No. 17 at 26.)

1    IT IS RECOMMENDED that respondent's May 5, 2010 motion to dismiss (dkt.

2    no. 14) be granted.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5    one days after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

8    objections, he shall also address whether a certificate of appealability should issue and, if so, why

9    and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

10   the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

11   § 2253(c)(3).  Any reply to the objections shall be served and filed within fourteen days after

12   service of the objections.  The parties are advised that failure to file objections within the

13   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

14   F.2d 1153 (9th Cir. 1991).

15   DATED:  August 31, 2010

16

17

18   KENDALL J. NEWMAN

19   UNITED STATES MAGISTRATE JUDGE

20   burt3332.mtd

21

22

23

24

25

26